IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**LATASHA LEE DAWSON**                                                                 **PLAINTIFF**

v.                              **CASE NO. 3:24-CV-00007-BSM**

**DOLGENCORP LLC**                                                                     **DEFENDANT**

## ORDER

Dolgencorp's motion for judgment on the pleadings [Doc. No. 9] is granted, and this case is dismissed without prejudice.

## I. BACKGROUND

In December 2019, Latasha Dawson was arrested and charged in state court with two counts of first-degree forgery after employees at Dollar General stores in Caraway and Lake City reported to police that a woman had used counterfeit $100 bills at the stores. Mot. for Judgment on the Pleadings Exs. 1–4, Doc. No. 9-1. The charges were *nolle prossed* in March 2022. *Id*. Exs. 7 and 8. In December 2023, Dawson sued Dolgencorp for defamation, malicious prosecution, and false imprisonment, alleging that she was falsely accused of forgery by the Dollar General stores in Caraway and Lake City. Compl. at 4, Doc. No. 2. Dolgencorp now moves for judgment on the pleadings.

## II. LEGAL STANDARD

Judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is "appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir.

2015). The standard for a motion for judgment on the pleadings under Rule 12(c) is the same as for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Haney v. Portfolio Recovery Assocs., L.L.C.*, 895 F.3d 974, 981 (8th Cir. 2016). To meet this standard, the facts alleged in the complaint must create a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* All allegations contained in the complaint are considered true, and all reasonable inferences are drawn in the plaintiff's favor. *Rydholm v. Equifax Info. Servs. LLC*, 44 F.4th 1105, 1108 (8th Cir. 2022). At this stage, materials embraced by the pleadings as well as exhibits attached to the pleadings and matters of public record may all be considered. *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017).

## III. DISCUSSION

Dolgencorp's motion for judgment on the pleadings is granted on all of Dawson's claims.

A. <u>Defamation and False Imprisonment</u>

Dawson's defamation and false imprisonment claims are dismissed because they are time-barred. The statute of limitations for false imprisonment and slander is one year, Ark. Code Ann. §§ 16-56-104(2)(B) and (3), while the statute of limitations for libel is three years. Ark. Code Ann. § 16-56-105(5). Dolgencorp employees reported the alleged forgery in

December 2019, but Dawson did not file her complaint until December 2023, which is outside the limitations periods for these claims. Accordingly, these claims are dismissed.

B.      Malicious Prosecution

Dawson's malicious prosecution claim is dismissed because she has not sufficiently pleaded her claim. To establish a claim for malicious prosecution, Dawson must show the following elements: (1) a proceeding instituted or continued by Dolgencorp against her; (2) termination of the proceeding in her favor; (3) absence of probable cause for the proceeding; (4) malice on the part of Dolgencorp; and (5) damages. *Sundeen v. Kroger*, 355 Ark. 138, 142, 133 S.W.3d 393, 395 (2003).

In her complaint, Dawson alleges that she "was falsely accused" of forgery by Dollar General in Caraway and Lake City. Compl. at 4. She does not plead facts creating a reasonable inference that Dolgencorp employees lacked probable cause when they called the police to report the alleged forgery. Probable cause "must be based upon the existence of facts or credible information that would induce a person of ordinary caution to believe the accused person to be guilty of the crime for which he is charged." *Id*. at 143, 133 S.W.3d at 396. Dawson pleads no facts suggesting that store employees lacked credible information to believe that she had used counterfeit bills. Nor does she plead facts creating a reasonable inference that store employees acted with malice, which is defined as "any improper or sinister motive for instituting the suit." *Id*. at 147, 133 S.W.3d at 398 (quoting *Cordes v. Outdoor Living Center, Inc.*, 301 Ark. 26, 32, 781 S.W.2d 31, 34 (1989)). Drawing all

reasonable inferences in Dawson's favor, her allegation that Dolgencorp employees "falsely accused" her, without more, is insufficient to state a claim for malicious prosecution.

## IV.  CONCLUSION

For the foregoing reasons, Dolgencorp's motion for judgment on the pleadings is granted.  Dawson's complaint is dismissed without prejudice.

IT IS SO ORDERED this 26th day of March, 2024.

_____
UNITED STATES DISTRICT JUDGE